UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JVANNE RHODES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No.   3:20-cv-3417 |
| | ) |
| DAVIS, DAVIS & ASSOCIATES LLC and | ) |
| and KEVIN T. DAVIS, an individual, | ) |
| | ) |
|    Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JVANNE RHODES ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendants, DAVIS, DAVIS & ASSOCIATES LLC ("DDA") and KEVIN T. DAVIS, an individual ("Mr. Davis") (collectively "Defendants"):

### INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint are based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Dallas, Dallas County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

11. DDA is a Florida limited liability company with its principal place of business at 6316 San Juan Ave, Suite 15B, Jacksonville, Duval County, Florida 32210.

12. DDA collects alleged delinquent debts from consumers.

13. DDA transacts business in this District and throughout the United States.

14. Mr. Davis is the owner, organizer, registered agent, authorized signer, and/or managing member of DDA.

15. At all times material to this Complaint, acting alone or in concert with others, Mr. Davis has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DDA, including the acts and practices set forth in this Complaint.

16. Mr. Davis has used titles such as owner and manager of DDA, has uploaded information from debt portfolios into computer systems used by DDA's collectors, has hired and fired DDA's employees or agents, has given instructions to DDA's collectors about their debt collection calls with consumers, and has been a signatory on DDA's bank accounts.

17. Mr. Davis resides at 371 Clark St, Jacksonville, Duval County, Florida 32234.

18. Mr. Davis, in connection with the matters alleged in this Complaint, transacts business in this District and throughout the United States.

19. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

20. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

21. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

22. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

23. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

25. Defendants are attempting to collect an alleged consumer debt from Plaintiff allegedly owed to MyCashNow. *See* Exhibit A.

26. The alleged debt at issue arises from transactions for personal, family, and household purposes.

27. If the debt is owed at all, the statute of limitations has passed.

28. On or about November 7, 2020, Defendants began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-5587, in an attempt to collect the alleged debt.

29. On or about November 7, 2020, Defendants left the following voicemail message for Plaintiff on Plaintiff's telephone:

    a. "[inaudible 00:00:00] There's a file in our office that requires your immediate attention or that of your attorney of record. Please contact the office at 941-933-1347 to speak with an associate. Thank you."

30. The telephone number 941-933-1347 belongs to Defendants.

31. Defendants are or should be familiar with the FDCPA and TDCA.

32. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose the caller's identity when communicating with a consumer.

33. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose that the communication is from a debt collector and is an attempt to collect a debt when communicating with a consumer.

34. On or about November 12, 2020 at 9:07a.m., Defendants sent an e-mail to Plaintiff in an attempt to collect the alleged debt from Plaintiff:

    a. From: **Davis, Davis & Associates** <donotreply@simplicitycollect.com>
    Date: Thu, Nov 12, 2020 at 9:07 AM
    Subject: Document from Davis, Davis & Associates
    To: <███████@gmail.com>

    Dear Jvanne Rhodes,

    Please find "Final Notification of Debt" document attached.

    *THIS IS A NOTICE FROM A DEBT COLLECTOR- ANYTHING LEARNED WILL BE USED FOR THE COLLECTION OF A DEBT.*

    The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Davis, Davis & Associates . Any unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you received this communication in error, please notify us immediately by return email or by email to customerservice@davisdavisassociates.com, and destroy this communication and all copies thereof, including all attachments. This email is covered by the

4

      Electronic Communications Privacy Act, 18 U.S.C. sections 2510 - 1521 and is legally privileged.

35. Attached to the aforementioned e-mail message was a debt collection letter from Defendants dated November 12, 2020. *See* Exhibit A.

36. In Defendants' debt collection letter dated November 12, 2020:

    a. Defendants threatened to report Plaintiff's alleged debt to Plaintiff's credit report;

    b. Defendants threatened to take legal action against Plaintiff;

    c. Defendants demanded immediate payment in full from Plaintiff; and

    d. Defendants falsely represented that Plaintiff would be liable for collection costs incurred with taking legal action against Plaintiff.

37. Defendants never disclosed to Plaintiff that the statute of limitations has passed on the alleged debt owed.

38. Defendants never sent an initial collection notice to Plaintiff containing the following notices:

    a. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    b. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    c. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Defendants withheld required notices about the Plaintiff's right to dispute the debt within 30 days and receive written verification of the debt.

40. The natural consequences of Defendants' statements and actions was to produce an unpleasant and/or hostile situation between Defendants and Plaintiff.

41. The natural consequences of Defendants' statements and actions was to cause Plaintiff mental distress.

42. Defendants' misrepresentations, threats, omissions, abuse, and harassment lead Plaintiff to reasonably believe that she was going to be sued by Defendants.

43. Defendants' misrepresentations, threats, omissions, abuse, and harassment lead Plaintiff to reasonably believe that Defendants would negatively credit report on Plaintiff's credit report.

44. Defendants acted with intent to annoy and harass Plaintiff.

45. To date, Defendants have not taken legal action against Plaintiff.

46. To date, Defendants have not reported on Plaintiff's credit report.

## COUNT I
## DDA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs one (1) through forty-six (46) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

48. DDA violated the FDCPA based on the following:

    a. DDA violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when DDA left a voicemail message

for Plaintiff and did not disclose the communication is from Davis, Davis & Associates;

b. DDA violated § 1692e(3) of the FDCPA by falsely representing or implicating DDA was an attorney and that the communication was from an attorney, when DDA left a voicemail message for Plaintiff and when DDA sent a debt collection letter to Plaintiff threatening to take legal action against Plaintiff;

c. DDA violated § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken, when DDA threatened to take legal action against Plaintiff when DDA could not legally take such action because the statute of limitations has passed and when DDA threatened to report the alleged debt to Plaintiff's credit report when DDA did not intend to take such action;

d. DDA violated § 1692e(10) of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt, when DDA used threats or fear to persuade Plaintiff into paying the alleged debt, when DDA attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations and when DDA demanded immediate payment from Plaintiff in an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations;

e. DDA violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when DDA left a voicemail message for Plaintiff and

did not disclose that the communication is from a debt collector and in an attempt to collect a debt;

   f.  DDA violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with notice of the alleged debt pursuant to § 1692g(a);

   g.  DDA violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when DDA demanded immediate payment from Plaintiff; and

   h.  DDA violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when DDA engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, DAVIS, DAVIS & ASSOCIATES LLC, for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## MR. DAVIS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff repeats and re-alleges paragraphs one (1) through forty-six (46) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. Mr. Davis violated the FDCPA based on the following:

   a.  Mr. Davis violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without

      meaningful disclosure of the caller's identity, when Mr. Davis left a voicemail message for Plaintiff and did not disclose the communication is from Davis, Davis & Associates;

b. Mr. Davis violated § 1692e(3) of the FDCPA by falsely representing or implicating Mr. Davis was an attorney and that the communication was from an attorney, when Mr. Davis left a voicemail message for Plaintiff and when Mr. Davis sent a debt collection letter to Plaintiff threatening to take legal action against Plaintiff;

c. Mr. Davis violated § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken, when Mr. Davis threatened to take legal action against Plaintiff when Mr. Davis could not legally take such action because the statute of limitations has passed and when Mr. Davis threatened to report the alleged debt to Plaintiff's credit report when Mr. Davis did not intend to take such action;

d. Mr. Davis violated § 1692e(10) of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Mr. Davis used threats or fear to persuade Plaintiff into paying the alleged debt, when Mr. Davis attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations and when Mr. Davis demanded immediate payment from Plaintiff in an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations;

e. Mr. Davis violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this

      subsection being applicable, when Mr. Davis left a voicemail message for Plaintiff and did not disclose that the communication is from a debt collector and in an attempt to collect a debt;

f. Mr. Davis violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with notice of the alleged debt pursuant to § 1692g(a);

g. Mr. Davis violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Mr. Davis demanded immediate payment from Plaintiff; and

h. Mr. Davis violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Mr. Davis engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, KEVIN T. DAVIS, an individual, for the following:

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

56. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DDA VIOLATED THE TEXAS DEBT COLLECTION ACT

57. Plaintiff repeats and re-alleges paragraphs one (1) through forty-six (46) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

58. DDA violated the TDCA based on the following:

   a. DDA violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action prohibited by law, when DDA threatened to take legal action against Plaintiff when DDA could not legally take such action because the statute of limitations has passed;

   b. DDA violated Tex. Fin. Code § 392.302(1) by using profane or obscene language or language intended to abuse unreasonable the hearer or reader, when DDA used threats or fear to persuade Plaintiff into paying the alleged debt;

   c. DDA violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when DDA left a voicemail message for Plaintiff and did not disclose the communication is from Davis, Davis & Associates;

   d. DDA violated Tex. Fin. Code § 392.303(2) by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, when DDA falsely represented that Plaintiff would be liable for collection costs incurred with taking legal action against Plaintiff;

   e. DDA violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose the communication is an attempt to collect a debt and that any information will be used for that purpose, when DDA left a voicemail message for Plaintiff and did not disclose that the communication is from a debt collector and in an attempt to collect

      a debt;

   f. DDA violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding, when DDA threatened to take legal action against Plaintiff when DDA could not legally take such action;

   g. DDA violated Tex. Fin. Code § 392.304(12) by representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, when DDA falsely represented that Plaintiff would be liable for collection costs incurred with taking legal action against Plaintiff;

   h. DDA violated Tex. Fin. Code § 392.304(14) by representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business, when DDA falsely held itself out to be a law firm;

   i. DDA violated Tex. Fin. Code § 392.304(16) by using a communication that purports to be from an attorney or law firm if it is not, when DDA falsely held itself out to be a law firm;

   j. DDA violated Tex. Fin. Code § 392.304(17) by representing that a consumer debt is being collected by an attorney if it is not, when DDA falsely held itself out to be a law firm; and

   k. DDA violated Tex. Fin. Code § 392.304(18) by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer, when DDA used threats or fear to persuade Plaintiff into paying the alleged debt, when DDA attempted to collect a time-barred debt from

Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations and when DDA demanded immediate payment from Plaintiff in an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations.

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, DAVIS, DAVIS & ASSOCIATES LLC, for the following:

59. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

60. For attorneys' fees, costs and disbursements;

61. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

62. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IV
## MR. DAVIS VIOLATED THE TEXAS DEBT COLLECTION ACT

63. Plaintiff repeats and re-alleges paragraphs one (1) through forty-six (46) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

64. Mr. Davis violated the TDCA based on the following:

    a. Mr. Davis violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action prohibited by law, when Mr. Davis threatened to take legal action against Plaintiff when Mr. Davis could not legally take such action because the statute of limitations has passed;

    b. Mr. Davis violated Tex. Fin. Code § 392.302(1) by using profane or obscene language or language intended to abuse unreasonable the hearer or reader, when Mr. Davis used threats or fear to persuade Plaintiff into paying the alleged debt;

  c. Mr. Davis violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Mr. Davis left a voicemail message for Plaintiff and did not disclose the communication is from Davis, Davis & Associates;

  d. Mr. Davis violated Tex. Fin. Code § 392.303(2) by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, when Mr. Davis falsely represented that Plaintiff would be liable for collection costs incurred with taking legal action against Plaintiff;

  e. Mr. Davis violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose the communication is an attempt to collect a debt and that any information will be used for that purpose, when Mr. Davis left a voicemail message for Plaintiff and did not disclose that the communication is from a debt collector and in an attempt to collect a debt;

  f. Mr. Davis violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding, when Mr. Davis threatened to take legal action against Plaintiff when Mr. Davis could not legally take such action;

  g. Mr. Davis violated Tex. Fin. Code § 392.304(12) by representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the

    additional fees or charges, when Mr. Davis falsely represented that Plaintiff would be liable for collection costs incurred with taking legal action against Plaintiff;

h. Mr. Davis violated Tex. Fin. Code § 392.304(14) by representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business, when Mr. Davis falsely held itself out to be a law firm;

i. Mr. Davis violated Tex. Fin. Code § 392.304(16) by using a communication that purports to be from an attorney or law firm if it is not, when Mr. Davis falsely held itself out to be a law firm;

j. Mr. Davis violated Tex. Fin. Code § 392.304(17) by representing that a consumer debt is being collected by an attorney if it is not, when Mr. Davis falsely held itself out to be a law firm; and

k. Mr. Davis violated Tex. Fin. Code § 392.304(18) by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer, when Mr. Davis used threats or fear to persuade Plaintiff into paying the alleged debt, when Mr. Davis attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations and when Mr. Davis demanded immediate payment from Plaintiff in an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations.

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, KEVIN T. DAVIS, for the following:

65. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

66. For attorneys' fees, costs and disbursements;

67. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

68. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  November 16, 2020                     RESPECTFULLY SUBMITTED,


                                                    By: /s/ Michael S. Agruss
                                                       Michael S. Agruss
                                                       IL SBN: 6281600
                                                       Agruss Law Firm, LLC
                                                       4809 N. Ravenswood Ave., Suite 419
                                                       Chicago, IL 60640
                                                       Tel: 312-224-4695
                                                       Fax: 312-253-4451
                                                       michael@agrusslawfirm.com
                                                       Attorney for Plaintiff

# **EXHIBIT A**



**Davis, Davis & Associates**
6316 San Juan Ave Suite 15B, Jacksonville FL 32210
Call us at (941) 933-1347
Email us at: customerservice@davisdavisassociates.com
Visit our website at: https://davisdavisassociates.com

| ACCOUNT NO: | ▉▉▉▉▉3614 |
|---|---|
| CLIENT: | MyCashNow |
| AMOUNT: | $534.87 |
| PAYMENTS: | $0.00 |
| **TOTAL DUE:** | **$534.87** |

11/12/2020

Jvanne Rhodes
▉▉▉▉▉▉▉▉▉▉▉▉▉▉
Warrensburg, MO 64093

**THIS IS AN ATTEMPT TO COLLECT A DEBT- ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

RE:    Final Notification of Debt for account number ▉▉▉▉▉3614

**ATTENTION: Jvanne Rhodes**,

**THIS IS A FINAL ATTEMPT TO CONTACT YOU**.

   Please be advised that your account has been assigned to our agency for recovery. As of November 12, 2020, your account with MyCashNow contains an outstanding debt. You are legally liable for the amount shown, plus other associated costs and fees. As of November 12, 2020, it has been recorded that despite our previous attempts to contact you, your balance of **$534.87**  remains outstanding..
   If payment in full is not received within seven (7) days of the date of this correspondence, your account may be submitted to the credit reporting agency. Additionally, the above listed debt may be sent to MyCashNow for approval of legal action to recover the debt involved in this matter, without further notice.  Please note that if such action is necessary you will also be liable for all collection costs in addition to the current balance due on your account.
   To protect your credit rating and prevent further action, or if you are unable to commit to payment in full within seven (7) days, please contact our agency at 941-933-1347 or email us at customerservice@davisdavisassociates.com to discuss arrangements for submitting your payment/payments.

   *Please contact the office concerning *Total Due*.

Thank you in advance,

### *Andrea Martin*
*Compliance Officer*
*Davis, Davis & Associates*
941-933-1347

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

**Davis, Davis & Associates** does not sell or share any of your personal information with advertisers or telemarketers, PERIOD.
This is an attempt to collect a debt, and any information obtained will be used for that purpose. If you have filed bankruptcy, you may no longer be personally liable for this debt. In that case, this notice is purely informational, based on your contact with us, and not an attempt to collect a debt. Please contact your bankruptcy attorney with any questions.